# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DOBLE SEIS SPORT TV, INC.; ELECTRONIC GAMES, INC.; AVENUE GROUP AUTO, CORP.; MARIO BRAVO-MAISONAVE; COMPUTER & GAMES, INC.; RICARDO'S ENTERTAINMENT, CORP.; ANTONIO L. COLON-SANTIAGO; JL ENTERTAINMENT, CORP.; JR MACHINES, CORP.; W GAMES, CORP.; EMPRESAS WW, INC.<br><br>Plaintiffs<br><br>v.<br><br>THE COMMONWEALTH OF PUERTO RICO and the HONORABLE RAUL MALDONADO GAUTIER, in his official capacity only;<br><br>Defendants | CIVIL NO. 18-1432<br><br>CIVIL RIGHTS |

**COMPLAINT**

**TO THE HONORABLE COURT:**

  **COME NOW** the Plaintiffs and through the undersigned attorneys very respectfully aver and pray as follows:

### I. INTRODUCTION

1.  This is a civil action brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 1983 *et seq.* and the Fourteenth

Amendment to the United States Constitution requesting a preliminary and permanent injunction against the Defendants and declaring that a Commonwealth Act is unconstitutional.

## II.  JURISDICTION & VENUE

2.   The jurisdiction of this Honorable Court is hereby invoked under 28 U.S.C. § 1331 and § 1343(3), since the action arises under the laws of the United States. Venue lies on this district pursuant to 28 U.S.C.A. § 1391(a)(2) because the instant claims arose in the district of Puerto Rico.

## III. THE PARTIES

3. Plaintiff Doble Seis Sport TV, Inc. is a for profit corporation duly organized under the laws of the Commonwealth of Puerto Rico and whose offices and principal place of business are located in the city of Caguas, Puerto Rico. Doble Seis Sport TV, Inc. is the holder of two hundred and thirty seven (237) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

4. Plaintiff Electronic Games, Inc. is a for profit corporation duly organized under the laws of the Commonwealth of Puerto Rico and whose offices and principal place of business are located in the city of Jayuya, Puerto Rico. Electronic Games, Inc. is the holder of one hundred (100) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

5. Plaintiff Avenue Group Auto, Corp. is a for profit corporation duly organized under the laws of the Commonwealth of Puerto Rico and whose offices and principal place of business are located in the city of Carolina, Puerto Rico. Avenue Group Auto, Corp. is the holder of five hundred and eighty three(583) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

6. Plaintiff Mario Bravo-Maisonave is a citizen of the Commonwealth of Puerto Rico and he holds four hundred and seventy three(473) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

7. Plaintiff Computer & Games, Inc. is a for profit corporation duly organized under the laws of the Commonwealth of Puerto Rico and whose offices and principal place of business are located in the city of Aguada, Puerto Rico. Computer & Games, Inc. is the holder of one hundred (100) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

8. Plaintiff Ricardo's Entertainment, Corp. is a for profit corporation duly organized under the laws of the Commonwealth of Puerto Rico and whose offices and principal place of business are located in the city of Quebradillas, Puerto Rico. Ricardo's Entertainment, Corp.  is the holder of one hundred (100)

electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

9. Plaintiff Antonio L. Colón-Santiago is a citizen of the Commonwealth of Puerto Rico and he holds twenty(20) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

10. Plaintiff J.L. Entertainment, Corp. is a for profit corporation duly organized under the laws of the Commonwealth of Puerto Rico and whose offices and principal place of business are located in the city of Ponce, Puerto Rico. Computer J.L. Entertainment, Corp is the holder of fifty-three (53) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

11. Plaintiff JR Machines, Corp. is a for profit corporation duly organized under the laws of the Commonwealth of Puerto Rico and whose offices and principal place of business are located in the city of Ponce, Puerto Rico. JR Machines, Corp. is the holder of fifty(50) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

12. Plaintiff W Games, Corp. is a for profit corporation duly organized under the laws of the Commonwealth of Puerto Rico and whose offices and principal place of business are located in the city of Toa Baja, Puerto Rico. W Games, Corp. is the holder of

five hundred and two(502) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

13. Plaintiff Empresas WW, Inc. is a for profit corporation duly organized under the laws of the Commonwealth of Puerto Rico and whose offices and principal place of business are located in the city of Toa Baja, Puerto Rico. Empresas WW, Inc. is the holder of one hundred and fifty(150) electronic gaming machine licenses issued by the Puerto Rico Treasury Department.

14. Co-defendant the Commonwealth of Puerto Rico.

15. Co-defendant the Honorable Raul Maldonado Gautier was at all times relevant to this Complaint the Secretary of the Puerto Rico Treasury Department and he has acted under color of law. He is being sued in his official capacity only.

16. John Doe I-XX are the names of the other agents, officials, employees Commonwealth of Puerto Rico who have either ordered or directly participated in the illegal application of the law narrated herein.

IV.  **THE FACTS**

17. On August 23, 2017, the Commonwealth of Puerto Rico enacted Act No. 108.

18. Thru said Act, the Commonwealth amended Section 3050.02(a)(2)of the Puerto Rico Internal Revenue Code and raised

Case 3:18-cv-01432-ADC   Document 1   Filed 06/30/18   Page 6 of 12

**COMPLAINT**
Doble Seis Sports TV, Inc., et al.  v. Commonwealth of Puerto Rico, et al.

6

the licensing fees to operate certain artifacts regulated by its Treasury Department.

19. Prior to the enactment of Act No. 108, the annual licensing fees of jukeboxes, billiard tables and electronic gaming machines operated thru coins or tokens where the ability of the player affects the final outcome of the game, or to be used by kids or youngsters was $100.00 per artifact and if the electronic machines' games were violent or sexual in nature the fee was $400.00.

20. Act No. 108 allowed the Treasury Secretary to raise the annual licensing fees of jukeboxes, billiards and electronic amusement machines to be played by children or youngsters to $300.00 per artifact.

21. On the other hand, the licensing fee of electronic gaming machines operated thru coins or tokens where the ability of the player affects the final outcome of the game was raised thirty (30) times, to $3,000.00 per machine.

22. The licensing fee for those machines whose games had sexual or violent content was also raised to $3,000.00 per device.

23. Pursuant to this, on April 30, 2018, the Treasury Department issued its Administrative Determination Number 18-08("Determinación Administrativa 18-08") raising the licensing fees mentioned in paragraphs 10 and 11 of this Complaint starting on May 1st, 2018.

24. Plaintiffs are all electronic gaming machine license holders whose fees were raised from $100.00 to $3,000.00 and whose license rights either expire on June or during the subsequent months.

25. When some of the Plaintiffs and/or their corporate representatives have tried to renew their licenses at the regional offices of the Treasury Department they are told that they need to pay $3,000.00, instead of the $300.00 paid for licenses for similar equipment.

26. Notwithstanding this, other businesses operating the same exact type of artifacts, or machines whose games had sexual or violent content have been sold their electronic gaming licenses for machines at the new rate of $300.00 each.

27. These businesses who have been allowed to obtain or renew these licenses at $300.00 each are owned by and/or are franchises of billion dollar corporations, who are being given an unfair advantage by paying 10% of the amount that Plaintiffs are being forced to pay for the renewal of their licenses for the same type of equipment.

28. Act No. 108, as is being applied to Plaintiffs licensing renewal rights, is unconstitutional since this price has been raised thirty(30) times from $100.00 to $3,000.00, while similar licenses whose cost was also $100.00 were only raised to

Case 3:18-cv-01432-ADC   Document 1   Filed 06/30/18   Page 8 of 12

COMPLAINT
Doble Seis Sports TV, Inc., et al.  v. Commonwealth of Puerto Rico, et al.

8

$300.00; this disparity is not supported by any rational public policy interest.

29. Similarly, the Puerto Rico Treasury Department is intentionally discriminating against Plaintiffs, since other similarly situated license holders are being allowed to obtain or renew at the price of $300.00 for the same type of equipment or for machines with games with violent content; without any rational explanation or justification for it.

30. While Plaintiffs recognize that the Commonwealth of Puerto Rico is trying to raise the amount of their collections due to the dire situation of its finances; it is illegal and unconstitutional to single out a particular group of license holders and imposing upon them a confiscatory and unjustified license fee.

31. By the same token, the Treasury Department is treating Plaintiffs differently from other license holders who operate the same type of electronic gaming machines and/or machines with violent content by allowing some to pay $300.00 per device, while Plaintiffs are forced to either pay $3,000.00 per device or forfeit their licenses and shut down their business.

32. Act No. 108, and its amendment to Section 3050.02(a)(2) of the Puerto Rico Internal Revenue Code, violate the United States Constitution and the 14th Amendment to the United States Constitution.

33. Similarly, Plaintiffs Due Process rights under the Fourteenth Amendment are being violated by the Puerto Rico Treasury Department when Plaintiffs are being forced to renew their licenses at a markup of thirty(30) times their original price, while multinational corporations and its local franchises are allowed to buy and renew their licenses for the same type of machines and of machines with games that contain violent material for only $300 each.

34. Plaintiffs request this Honorable Court leave to deposit with the Clerk of the Court the applicable fee of $300.00 per license while this case is pending.

35. As further averred  Plaintiffs' request the following relief:

A) A Preliminary and Permanent Injunction ordering the Defendants to allow the renewal of Plaintiffs' electronic gaming machine licenses in the amount of $300.00 each as is being allowed to the aforementioned similarly situated license holders;

B) A Judgment declaring that the amendment to Section 3050.02(a)(2)of the Puerto Rico Internal Revenue Code included in Act No. 108 of August 23, 2017 is unconstitutional as to the raise of the licensing fees of electronic gaming machines operated thru coins or tokens where the ability of the player

Case 3:18-cv-01432-ADC   Document 1   Filed 06/30/18   Page 10 of 12
**COMPLAINT**
Doble Seis Sports TV, Inc., et al.  v. Commonwealth of Puerto Rico, et al.

10

affects the final outcome of the game, since it is in violation of the Fourteenth Amendment to the United States Constitution.

## V. FIRST CLAIM

### (Unconstitutionality under the Fourteenth Amendment)

36. The allegations contained in paragraph No. 1 through No. 35 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiffs.

37. The facts set forth in this Complaint constitute a violation of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 of the Civil Rights Act of 1964.

38. Thus, Plaintiffs request the issuance of a Judgment declaring that the amendment of Section 3050.02(a)(2)of the Puerto Rico Internal Revenue Code included in Act No. 108 of August 23, 2017 is unconstitutional as to the raise of the licensing fee of electronic gaming machines operated thru coins or tokens where the ability of the player affects the final outcome of the game, since it is in violation of the Fourteenth Amendment to the United States Constitution.

## VI. SECOND CLAIM

### (Due Process Violation under the Fourteenth Amendment)

39. The allegations contained in paragraph No. 1 through No. 38 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiffs.

40. The facts set forth in this Complaint constitute a violation of Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 of the Civil Rights Act of 1964.

41. Thus, Plaintiffs request the issuance of a Preliminary and Permanent Injunction ordering the Defendants to allow the renewal of Plaintiffs' electronic gaming machine licenses in the amount of $300.00 each.

## VII THIRD CLAIM

### (ATTORNEY FEES AND COSTS)

42. The allegations contained in paragraph No. 1 through No. 41 of this Complaint are incorporated by reference as if fully set forth herein by Plaintiffs.

43. The Defendants are hereby jointly liable to Plaintiffs for the payment of costs and attorney fees pursuant to 42 U.S.C. § 1988.

## VIII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray for this Honorable Court to enter Judgment A) issuing a preliminary and permanent

Case 3:18-cv-01432-ADC   Document 1   Filed 06/30/18   Page 12 of 12

**COMPLAINT**
Doble Seis Sports TV, Inc., et al.  v. Commonwealth of Puerto Rico, et al.

12

injunction ordering the Defendants to allow the renewal of Plaintiffs' electronic gaming machine licenses in the amount of $300.00 each; B) declaring that the amendment of Section 3050.02(a)(2)of the Puerto Rico Internal Revenue Code included in Act No. 108 of August 23, 2017 is unconstitutional as to the raise of the licensing fees of electronic gaming machines operated thru coins or tokens where the ability of the player affects the final outcome of the game since it is in violation of the Fourteenth Amendment to the United States Constitution; C) all with the payment of attorney fees and the costs of litigation, as well as any other remedy that this Honorable Court deems proper.

**RESPECTFULLY SUBMITTED** in Caguas, Puerto Rico on this 30th day of June of 2018.

**FRANCIS & GUEITS LAW OFFICES**
PO Box 267
Caguas, PR 00726
Tel. (787)745-3100
Fax: (787) 626-6720
E-Mail: jgueits@fglawpr.com


**S/JOSÉ J. GUEITS-ORTIZ**
**JOSÉ J. GUEITS-ORTIZ**
U.S.D.C.-P.R. Bar No. 224704
**S/CHRISTIAN J. FRANCIS-MARTÍNEZ**
U.S.D.C.-P.R. Bar No. 227105