# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**DOBLE SEIS SPORT TV, INC., et al.,**

   **Plaintiffs,**

   v.

**COMMONWEALTH OF PUERTO RICO, et al.,**

   **Defendants.**

**Civil No. 18-1432 (ADC)**

## OPINION AND ORDER

**I.    INTRODUCTION**

In the instant case, plaintiffs Doble Seis Sport TV, Inc., and multiple other licensees of electronic game machines in Puerto Rico ("plaintiffs") challenge the constitutionality of Puerto Rico Act No. 108 of August 23, 2017, PR Laws Ann., tit. 13 § 31712 ("Law 108"),[1] under the Fourteenth Amendment ("Fourteenth Amendment") of the United States Constitution ("the Constitution") and the bill of attainder prohibition under the Constitution's Article 1, Section 10. *See* **ECF No. 23**. In essence, plaintiffs allege that insofar as Law 108 raises from $300 to $3,000 the

---

[1] Law 108 amends the statute that establishes annual license fees for coin operated game machines to reclassify them and allow for fee increases starting on July 1, 2017. The specific provision at issue in this case pertains to electronic game machines operated by coins or tokens, for use by adults, where the player's abilities or skills significantly affect the final result of the game, and which do not have violent or sexual content. *See* **ECF No. 51-1**; Puerto Rico Administrative Determination 18-08 04/30/2018, St. & Local Tax PR 18-08, 20XX WL 14333947.

cost of the annual license fee for each electronic game machine that is object of this case, their due process and equal protection rights under the Fourteenth Amendment are being violated by defendants. *Id*. As stated in the second amended complaint, "[p]laintiffs are being forced to renew their licenses at a markup of thirty (30) times their original price, while multinational corporations and its local franchises are allowed to buy and renew their licenses for the same type of machines and of machines with games that contain violent material for only $300 each." *Id*. at 12. Moreover, plaintiffs allege that Law 108 is an unconstitutional bill of attainder because "it single[s] out a particular group of license holders and impos[es] upon them a confiscatory and unjustified license fee." *Id.* at 11.

On March 12, 2019, the Court issued an Opinion and Order ("O & O"), **ECF No. 51**, denying a motion for preliminary injunction by plaintiffs Doble Seis Sport TV, Inc., and multiple other licensees of electronic game machines in Puerto Rico ("plaintiffs"). **ECF No. 4**. In accordance with the standard of review of a motion for preliminary injunction, the Court considered the likelihood of success on the merits of plaintiff's claims, for which it issued holdings of fact and law regarding plaintiffs' claims. **ECF No. 51** at 4-11. Such holdings are the law of the case; the Court hereby incorporates the same below as deemed pertinent for the matter at hand. *See, e.g., United States v. Moran,* 393 F.3d 1, 7 (1st Cir.2004); *Ellis v. United States,* 313 F.3d 636, 646 (1st Cir. 2002).

Pending before the Court is a motion for dismissal under Fed. R. Civ. P. 12(b)(6) by codefendants Commonwealth of Puerto Rico and Hon. Raúl Maldonado-Gautier in his official

capacity ("defendants"), plaintiff's opposition, and codefendants' reply to the opposition. **ECF Nos. 25, 31, 43**. For the reasons discussed below, the Court **GRANTS IN PART** codefendants' motion to dismiss, **ECF No. 25**.

## II. STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss, courts "accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Courts "may augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." *Id*. (citation and internal quotation marks omitted). "While detailed factual allegations are not necessary to survive a motion to dismiss for failure to state a claim, a complaint nonetheless must contain more than a rote recital of the elements of a cause of action" and "must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (additional citations and internal quotation marks omitted) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

To ascertain plausibility, "the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited)." *Id*. Then, "the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim to relief." *Id.* (noting that a complaint need not "establish a prima facie case" to defeat a rule 12(b)(6) motion to dismiss). "If the factual

allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc). However, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; 'a well-pleaded complaint may proceed even if… a recovery is very remote and unlikely.'" *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 13 (1st Cir. 2011) (omission in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

### III. DISCUSSION

**1. Plaintiffs Fail to State a Plausible Claim of Violation of their Substantive and/or Procedural Due Process Rights.**

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV. The substantive component of due process protects against "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). There are two theories under which a plaintiff may bring a substantive due process claim. Under the first, a plaintiff must demonstrate a deprivation of an identified liberty or property interest protected by the Fourteenth Amendment. *Pittsley v. Warish*, 927 F.2d 3, 6 (1st Cir. 1991) (citing *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)). Under the second, a plaintiff is not required to prove the deprivation of a specific liberty or property interest, but rather, he must prove that the state's conduct

"shocks the conscience." *Pittsley*, 927 F.2d at 6 (quoting *Rochin v. California*, 342 U.S. 165, 172 (1952)).

Procedural due process requires that the procedures provided by the state in executing the deprivation of a vested interest in life, liberty, or property are adequate in light of the affected interest. *Pittsley*, 927 F.2d at 6; *Reardon v. United States*, 947 F.2d 1509, 1517-18 (1st Cir. 1991). As such, the Court determines if there is available an adequate remedy under Commonwealth of Puerto Rico law; if there is, it is fatal to a procedural due process claim. *See Smith v. Massachusetts Dep't of Correction*, 936 F.2d 1390, 1402 (1st Cir. 1991); *see also Albright v. Oliver*, 975 F.2d 343, 347 (7th Cir. 1992) ("The multiplication of remedies for identical wrongs, while gratifying for plaintiffs and their lawyers, is not always in the best interest of the legal system or the nation."), *aff'd*, 510 U.S. 266 (1994). Quite simply, "a procedural due process claim may not be redressed under section 1983 where an adequate state remedy exists." *Reid v. New Hampshire*, 56 F.3d 332, 341 (1st Cir. 1995).

In the instant case, plaintiffs fail to articulate in their amended complaint, or in any subsequent motion, the specific life, liberty, or property interest protected by the Fourteenth Amendment that they seek to safeguard by their request for preliminary injunction. *See* **ECF Nos. 4, 23, 31, 48**.[2] Instead, their due process claim is predicated on a challenge to a substantial increase in a particular classification of electronic game machine license fees which, plaintiffs

---

[2] Plaintiffs' failure is notable considering defendants' repeated assertions in their opposition to plaintiffs' request for preliminary injunction, motion to dismiss, and reply to opposition to motion to dismiss as to a lack of an identifiable life, liberty, or property interest in plaintiffs' claim. *See* **ECF Nos. 15** at 6; **25** at 5; **32** at 4.

contend, will put them out of business if it is not stopped by the Court. **ECF Nos. 23** at 12; **31** at 12; **48** at 4. However, even assuming that plaintiffs have a Fourteenth Amendment right to specific license fees that they deem affordable, applicable law provides an administrative procedure and judicial review through which plaintiffs may pursue their claims with the Commonwealth of Puerto Rico. *See* PR Laws Ann., tit. 13 §§ 33051, 33061. Plaintiffs contend that the remedies available under Puerto Rico law are futile, given the Commonwealth of Puerto Rico's insolvency and the unduly long length of administrative and legal procedures in the local forums. **ECF Nos. 4** at 12; **31** at 11-13. However, even if true, that allegation does not raise a claim upon which relief can be granted for violation of procedural due process rights insofar as the statute in question provides for administrative and judicial remedies nonetheless, regardless of how lengthy the process may be. *See Smith*, 936 F.2d at 1402.

Moreover, plaintiffs' substantive due process claim is based on plaintiffs' contention that the license fee increase is so extreme, arbitrary, and discriminatory that it shocks the conscience under applicable standards. **ECF Nos. 31** at 9-11; **48** at 3-4. However, as stated by the First Circuit,

> We have held, with a regularity bordering on the monotonous, that the substantive due process doctrine may not, in the ordinary course, be invoked to challenge discretionary permitting or licensing determinations of state or local decisionmakers, whether those decisions are right or wrong. While we have left the door slightly ajar for truly horrendous situations, any permit or license denial, no matter how unattractive, that falls short of being "truly horrendous" is unlikely to qualify as conscience-shocking.

*Pagán v. Calderón*, 448 F.3d 16, 32-33 (1st Cir. 2006) (citations omitted). As such, plaintiffs also fail to state a plausible claim under Fed. R. Civ. P. 12(b)(6) of violation of substantive due process rights.

**2. Plaintiffs' Claim of Law 108's Unconstitutionality as a Bill of Attainder is Meritless.**

Plaintiffs allege as follows:

> From a reading of the Statement of Motives of Act No. 108 of 2017 it is clear that the legislative intent was to punish the holders of the licenses mentioned in the Complaint for making legally approved modifications to their equipment in order to be able to qualify for a license under Article 3050.02. The Puerto Rico legislature accuses the holders of this type of license of having desisted (in quotation marks) of giving out prizes to their clients (also in quotation marks) in order to avoid paying a higher license fee. In other words, the legislature is clearly accusing the holders of this type of license of violating the Puerto Rico Games of Chance Law and tries to use Act No. 108 as punishment and as a deterrent to this alleged illegal conduct. Raising this license fee thirty (30) times its original price is clearly intended to punish any person or entity that intends to operate this legal and authorized type of electronic machine. Thus, the statute does not further any other non-punitive measure . . . .

**ECF No. 4** at 9. Based on the above, plaintiffs contend that Law 108 is an unconstitutional bill of attainder in violation of Article 1, Section 10 of the United States Constitution. **ECF Nos. 4** at 8-10; **31** at 13-14.

In essence, the constitutional provision in question prohibits states from enacting laws that intend to punish an identifiable person or group without providing judicial process safeguards. *See Nixon v. Administrator of General Services*, 433 U.S. 425, 468-75 (1977). Nonetheless, "[h]owever expansive the prohibition against bills of attainder, it surely was not intended to

serve as a variant of the equal protection doctrine, invalidating every Act of Congress or the States that legislatively burdens some persons or groups but not all other plausible individuals." *Id*. at 471. In that respect, Law 108 is not a bill of attainder, given that as discussed above, the statute is neutral on its face, applying without distinction to all licensees of the electronic game machines subject to it. Additionally, it provides mechanisms of administrative and judicial review before the Commonwealth of Puerto Rico for those licensees who wish to challenge the new fees.

Furthermore, upon review of Act No. 108's statement of legislative intent, the Court concludes that it furthers a legitimate state interest. Specifically, as correctly asserted by defendants,

> One of [Law 108's] intentions, along with increasing license fees across the board, was to reclassify the types of licenses for electronic gaming machines. To wit, the Statement of Purpose of [Law 108] indicates that the trend between 2011 and 2017 was for more and more licenses for electronic gaming machines to be requested, with a fee of $100.00, and less and less for adult entertainment gaming machines, with a fee of $2,500.00. The 2011 law defined adult entertainment gaming machines as having to reward or compensate whoever played them. This created a loophole whereby operators could remove the reward feature from the machine and apply for a lower fee license. That is why there were 1,002 licensed electronic gaming machines and 8,355 adult entertainment machines in Puerto Rico in 2009, and now those numbers have changed to over 23,000 and 0, respectively. Law 108 removed that loophole by reclassifying the licenses for electronic gaming machines. Under the new framework, [p]laintiffs fall under Article 3050.02(a)(2)(C) and the fee is $3,000.00. 13 L.P.R.A. § 31712 . . . . It is evident that the statute does not single out a person or group of persons and it does not intend to punish anyone. Furthermore, the Puerto Rico Legislature acted within its constitutional powers when passing said law.

**ECF No. 15** at 7-8. In short, plaintiffs' claim that Law 108 is an unconstitutional Bill of Attainder is meritless and, as such, warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

### 3. Plaintiffs' Claim of Violation of Equal Protection Rights

Under the equal protection clause of the Fourteenth Amendment, "persons similarly situated must be accorded similar governmental treatment." *Marrero-Gutiérrez v. Molina*, 491 F.3d 1, 9 (1st Cir. 2007). For an equal protection claim to be actionable, a plaintiff must adequately allege that: "(1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Freeman v. Town of Hudson*, 714 F.3d 29, 38 (1st Cir. 2013) (citations and internal quotation marks omitted).

Plaintiffs aver that they are "being forced to renew their licenses at a markup of thirty (30) times their original[ ] price, while multinational corporations and its [sic] local francishes are allowed to buy and renew their licenses for the same type of machines . . . for only $300 each." **ECF No. 23** at 10-11; *see also* **ECF Nos. 31** at 8-9; **48** at 2. While plaintiffs have not expressly stated the protected category under which they raise their equal protection claim, the Court deems that it is the citizenship of the plaintiff corporations vis-à-vis that of "the multinational corporations," which are presumably not Puerto Rico citizens. *See id*. Nonetheless, the statute in question does not establish any distinction among licensees based on their citizenship or any other protected category. *See* **ECF No. 51-1**, certified English translation of Law 108; Puerto Rico Administrative

Determination 18-08 04/30/2018, St. & Local Tax PR 18-08, 20XX WL 14333947. In fact, the only distinctions under Law 108 that determine the amount of annual license fee to be paid are based on the different types of electronic game machines subject to annual fees, regardless of who applies for the license. *See id*. As such, the Court holds that Law 108 is neutral on its face in that regard. Moreover, as correctly averred by defendants, plaintiffs "fail to offer any factual allegation that would support" their claim of disparate treatment under the equal protection clause. **ECF No. 15** at 2; *see also* **ECF Nos. 25** at 4, 7-8; **32** at 3. In that respect, plaintiffs' allegations seem to entail bare assertions, not well pleaded facts that should be taken as true under Rule 12(b)(6) standards. *See Rodríguez-Reyes*, 711 F.3d at 52–53.

Notwithstanding the above, in an abundance of caution, **THE COURT GRANTS PLAINTIFFS SIXTY (60) DAYS TO CONDUCT DISCOVERY**. The discovery shall be conducted in full compliance with the Federal Rules of Civil Procedure and strictly limited to what is pertinent to plaintiffs' allegations of violation of equal protection of law as pleaded in the second amended complaint. Defendants are to cooperate fully with plaintiffs' discovery. **Upon conclusion of the authorized discovery and within the deadline established herein, defendants shall show cause as to why the Court should not grant defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) regarding the claim of violation of equal protection rights**. <u>Extensions of time shall not be granted absent exigent circumstances</u>.

## IV. CONCLUSION

Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), **ECF No. 25**, is hereby **GRANTED IN PART**. Specifically,

(i) The Court **GRANTS** defendants' motion regarding plaintiffs' procedural due process, substantive due process, and Bill of Attainder claims;

(ii) The Court **GRANTS** plaintiffs a term of 60 days to conduct discovery regarding plaintiffs' allegations of violation of equal protection of law as pleaded in the second amended complaint; and

(iii) Upon conclusion of the aforementioned discovery within the given deadline, plaintiffs shall **SHOW CAUSE** as to why the Court should not grant defendants' motion to dismiss regarding the claim of violation of equal protection rights.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 13th day of August, 2019.

                                         **S/AIDA M. DELGADO-COLÓN**
                                         **United States District Judge**